All right, Mr. Saunders, please proceed. Good morning, Your Honors, and may it please the Court. There are five issues raised in the briefs in this appeal. Two issues are the construction of the claim term word sense number, construction of the claim term syntax usage data. Another issue is whether the district court erred in denying WTI's motion, relief to amend its infringement contentions in response to district court's construction of those two terms. And then two additional arguments that were raised by Facebook are additional alternative arguments for affirmance, one relating to the word sense number limitation, and one relating to the dictionary database claim term. I'd like to begin today with what we see as the simplest and most straightforward issue that the district court abuses discretion in applying the local patent rules contrary to the plain language of Rule 3-6A. The question is, under the district court's patent rules, when a showing of good faith is based on a claim construction by the court different from that proposed by the party seeking amendment, is the timeliness of good cause measured from when the court adopted the construction or from when the party first proposed the construction to the moving party? Doesn't the district court, within its discretion, get to decide how it wants to operate its courtroom and how it wants to handle these kinds of issues? Is it going to allow parties? When is it going to allow parties to amend? When is it going to require that infringement contentions be in? Aren't these kind of things things that we give deference to the district court on? You're right, Your Honor. There is significant deference provided to the district courts in their application of the local patent rules and other local rules. But what this court has been clear is that that discretion is not unlimited, and in particular, the district courts aren't allowed to apply a local rule, such as a local patent rule, contrary to its plain language. What if a district court judge, I think the district court in this case, had at least two decisions that he had written where he indicated that, for him, the rule was going to operate that when he is measuring prejudice, it's going to be from the time that the party learns of the claim construction, the other side's claim construction? In particular, this district court judge acknowledged there was a split of authority, both in this decision and in the prior decisions that he filed, but he also issued his decision that he would determine which of the two rules to apply on a case-by-case basis. And he decided, in this case, that it was appropriate to apply the time of disclosure by the opposing party instead of the time of the district court's claim construction. So it was not a particular situation as if that particular district court judge had a time that the opposing party first proposed. Well, then why isn't that a fact-bound inquiry where that's within the tolerable limits of reasonableness for him to say on these facts he's going to use the rule that he did? We don't believe it's a fact-bound inquiry because we believe both the interpretation that it's the time that the opposing party proposes construction, as well as the interpretation that either of those two times could be used, are both inconsistent with the plain and unambiguous language of Rule 3-6A. But didn't he even go on to that and say, look, it's not as if you had to provide a claim charter or an updated infringement contentions? You could have just let the court know or let opposing counsel know that you might have to do that were their claim construction adopted. That was something that was included in the district court's order denying the motion for leave to amend, although that was obviously after the fact of the motion and the circumstances which preceded that, which was led to filing the motion. There wasn't a consistent rule that had been adopted by the district court that says, you know, if a party intends to file a motion for leave to amend its contentions, that it should let the district court know at the hearing. Are you suggesting that maybe you were surprised by the court's ruling? It is our position that the party can reasonably rely on the plain and unambiguous language of the local pattern rules. But there was a practice with this particular judge where he had a specific interpretation and conception of that local rule. So you probably should have known about that, right? You're correct, Your Honor, that that specific district court judge had issued prior opinions the other way. But this court's precedent is clear that a district court is required to apply the local rules in a way that's consistent with them. They cannot apply the local rules in a manner that's inconsistent with their unambiguous language. And that's not altered by the fact that the district court may have erred in other cases prior to that fact by interpreting the local rule in a different manner in repeated prior cases. Well, I guess the judge was looking for some form of diligence from your side, right, in order to justify a good cause here. And the judge did seem to go out of his way to provide a tentative ruling on the eve of the Markman hearing, giving a lot of information to both parties about what the court was going to do in terms of its claim terms. And so in a way, he was putting in and devoting a lot of effort to giving all of you a head start in thinking about what you needed to do in terms of contingencies in case you get a claim construction ruling you did not like. And so I guess what I'm wondering is, if the judge is giving you all this information, why isn't the court likewise entitled to expect a little bit more proactive activity from the parties as well? A few points in response to that, Your Honor. One major point is that the district court's claim construction order issued quite promptly. As you noted, the tentative ruling came very quickly before the actual Markman hearing itself. The district court issued its claim construction order promptly after the hearing. It was not extended a lengthy period of time. And then immediately after the claim construction order was issued, WTI sought discovery directly addressing those points where the district court had deviated from WTI's proposed construction. And then within about a month and a half, it was able to finalize that source code review, create another set of proposed contentions, and file that with a motion for leave with the court. So this is not a scenario where there's been a lengthy period of time. But the key to our position is that Rule 3-6A says that here is an event that may constitute good cause. And that event is the adoption by the court of a construction different from that proposed by the party seeking amendment. Now certainly under FRCP 83, the district court could have adopted a different local rule. The district court could have adopted a local rule that says that good cause may be when a party proposes a different construction and therefore moves that date to the local rule 4-2 date, when the party served with a proposed construction different than what it was using in its inferential contentions. That's not in the local rule though. At 82666, it appears that there was some kind of case management hearing where the court announced that any amendments to validity or infringement contentions would have to be done within the 28-day period for electing claims. Yes, Your Honor. So in a way, the judge is providing notice to everybody on what he was thinking and expecting when it came to amendments of contentions. And Your Honor, the judge did not find that WTI violated that deadline. The judge found that notwithstanding that, it was untimely based on his interpretation of Rule 3-6A. So this was not a decision based on the district court setting an additional Rule 16 deadline, whether in an order or verbally at the hearing, and therefore not finding compliance with Rule 16. It was an issue of the district court interpreting Rule 3-6A, acknowledging that there was a misinterpretation of that rule. And we think it's especially important to parties that are going to be litigating cases both in the Northern District and in other districts where there are similar languages used in the patent rules to have a resolution about whether that is the appropriate interpretation of that rule. And only this court can provide that, because otherwise, there will be new district court judges that continue to join the Northern District of California, and parties will not know whether the appropriate interpretation of the Rule 3-6A is the one that this district court adopted, or different. Doesn't this witness discourage district courts from adopting local rules? I mean, if they can't interpret their own local rules, and maybe even have different practices amongst themselves, or apply their local rules to different cases in different ways, depending on the facts of those cases, why would any of the district courts want to have local rules? I thought that, you know, really, it's just a way to provide more guidance to the parties that appear before them, but they maintain their courtroom and their ability to decide when parties are going to be able to amend headings, for example. You're correct, Your Honor, that district court judges can obviously, under Rule 16, set deadlines themselves, set interpretations, and provide something that's equivalent of local patent rules. One of the purposes of local patent rules, however, is to provide uniformity to the bar in understanding when deadlines are supposed to happen, and what the appropriate standards for them are. What about whether his decisions, including the two from this particular judge, where he's made his view known about what that means? As I mentioned earlier, Your Honor, we don't believe that the district court judge in this case affirmatively said, in all of my cases, I will be applying the time of disclosure by the opposing party rule, because he entertained and analyzed and said, specifically in this case, it is appropriate to. So every party will have to, even before this particular district court judge, will have to analyze whether they think it is likely that the district court judge will apply, even the specific district court judge will apply the time of disclosure. And what's wrong with that? Well, the purpose of the local rules is to establish uniformity, and this Court's precedent has established that where the rule itself is clear and unambiguous, we're supposed to hold the district courts to the language of the rule. And the language of the rule in this case says, a claim construction by the court different from that proposed by the party seeking amendment is one of the examples of good cause, and the question is, is that good cause timely? Well, our position is that that good cause cannot be found untimely if the good cause could not exist yet. The good cause did not exist until the district court adopted its claim construction. But you're emphasizing the fact that this is a claim construction that was not proposed by either of the parties. No, Your Honor. That's not what this rule... That's not what you're emphasizing. No, that's not what this rule provides. This rule provides a claim construction by the court different from that proposed by the party seeking amendment. In fact, we think that exact language rules out the judge's interpretation that says different rules should apply if the district court judge adopts a construction proposed by neither party or if the district court adopts a construction proposed by the non-moving party. Because if that was what the rules were intended to say, that's what the Northern District of California could have promulgated as those rules. And that would have been an acceptable use of its authority to promulgate local rules. But it chose to promulgate this specific local rule. Many of the district court judges have adopted that rule according to its plain language. And that's not what happened in this case. And that's why we believe that it's appropriate to reverse on that issue. I will address a couple of the policy related issues, although we think that the plain language of the... You're well into your rebuttal time, so keep that in mind. Unless the court has questions regarding the two plain construction issues, I will end the report. All right. Mr. Sanders. Ms. Keefe. Thank you, Your Honors. Your Honors, I would simply start by reiterating that the law provides, both under the Genentech and the O2 micro case, that decisions enforcing local rules in patent cases will be affirmed unless one of four problems are found. A clear and unreasonable or arbitrary application of the rule, an erroneous conclusion of law, a finding that was erroneous, or no evidence on which the district court could base their opinion. That's in the O2 micro case at page 1367. We submit here, Your Honor, none of those criterion have been met. In fact, this is not clearly unreasonable or arbitrary. In fact, the only case that... What if hypothetically the different district courts of Northern District of California had wildly different conceptions of how to apply a particular local rule, such that depending on which courtroom you were in, in the San Francisco division, you could get a very different outcome based on identical facts. Would that be arbitrary? I don't believe so, Your Honor. Why not? Well, first off, I don't believe that happens in the Northern District. This is a hypothetical. So under the hypothetical situation, if it were wildly possible that if you said the word green in front of Judge A, it would be interpreted as green, but if you said green in front of Judge B, it would be interpreted as purple, for something like that, Your Honor, would that be arbitrary? Again, I think not. It would depend on the facts. If the judges had put out opinions that showed how they were interpreting the rules, such that personnel coming in front of those courts would have the ability to understand how that judge is applying the rule, then I don't think it would be arbitrary or unreasonable, especially if it were supported by the language of the rule. We kept hearing that the plain language of Rule 3.6 somehow supports any time you want to do anything, but the plain language of Rule 3.6 in the Northern District says amendment of infringement contentions may be made only by order of the court upon a timely showing of good cause, non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support the finding include, and then it says the claim construction by a court different from that proposed by the party seeking amendment. Here, that did not support it, and in fact, we were very clear, both parties, this was the second time that patent owner had moved to amend its infringement contentions, and in fact, during the first time that it had moved to amend its infringement contentions, the court noted at Appendix 4614 that patent owner at that point was very close to not having asserted the appropriate amount of diligence. In the briefing for that motion, the France Telecom case was raised, showing what this court's practice was, and so that's something that the patent owner did, in fact, know. In the second, during the hearing for that, at a scheduling conference, I specifically asked the court if there are to be any further amendments, they will have to be with good cause, right? And the court said yes, and that was confirmed by WTI at Appendix 2670, where they admitted themselves, yes, if I do anything else, it will have to be with good cause, and knowing that the France Telecom case and the Thought, Inc. case, which was the other case by Judge Oreck, indicating that the time for diligence starts at the disclosure of a construction, those had both been raised, both been researched by the parties, therefore, both known at that time. There's also no evidence of an erroneous conclusion of law, the simple fact that there may be a split in a district does not create an erroneous conclusion of law, and in fact, the decision by Judge Oreck falls within the majority opinions. In fact, there's no single decision coming out of the Northern District where a claim construction proposed by the non-moving party, coupled with the timing in the case, was ever not viewed as non-diligent. I think I just used about a quadruple negative. My point was that there aren't any cases that say, if your construction doesn't match that which was proposed, and it's not very early in the case, there will be no finding of diligence. So in fact, the majority opinion is supported by Judge Oreck's interpretation. There's no dispute on the dates of the facts, so no findings are erroneous, and there's no evidence in this case that refutes the evidence upon which Judge Oreck based his opinion, and therefore, the law in Genentech and O2 Micro applies, mandating that decisions enforcing patent local rules will be affirmed. Your Honor, I noticed that there hadn't been any discussion of the claim constructions. I am happy to leave us on the briefing. I have plenty of time. If Your Honors have any questions, I'm happy to answer them. Otherwise, I'm not sure there's... We appreciate Your Honor's time very much. Thank you. Mr. Saunders? Thank you, Your Honor. In response to counsel's argument, we agree that the standard set forth in O2 Micro applies. We think this is exactly a case which involves an erroneous conclusion of law. The issue is a legal interpretation of the plain language of Rule 3-6A. The district courts have, including this district court in this case, have expressly admitted that they are split about that legal interpretation. We are not challenging the particular value, you know, assessment about the timeliness under the other standard. And that's the kind of issue where we'd expect that full strength of discretion to apply in this court's review. But as to a legal interpretation under the erroneous conclusion of law standard, we assess that because the plain language of the rule is contrary to what the district court adopted, that therefore that prong of O2 Micro is satisfied. In responding to counsel's argument about the use of the word may in Rule 3-6A, we think that misses the point. There was no dispute, there was no finding by the district court that there was not good cause. The district court's finding in this case was entirely about timeliness, and as the district court made clear, timeliness and good cause are two different prongs of the test. And the use of the word may indicates, in some cases, there may not be good cause even if the district court adopts a different construction. For example, the district court could adopt a narrower construction than that advocated by the plaintiff who's seeking to amend his infringement contentions. Or it could be not substantively different. But the court didn't find there was no good cause. The court found timeliness, and it's our position that it was incorrect in its assessment. Okay. I thank both counsel for their argument, and this case is taken under submission.